

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Opinion No. O-3975
Re: Into what county fund should trial fees of the various justices of the peace and the county judge be paid?

Dear Sir:

Your letter of September 8, 1941, requesting an opinion of this department on the above stated question reads as follows:

"Will you please advise me into what County Fund, the trial fees of the various justices of the peace and the County Judge should be paid to?

"Article 1628, V.A.C.S., provides for the Classification of County Funds, and reads as follows:

"'The Funds received by the County Treasurer shall be classed as follows, and shall be appropriated, respectively, to the payment of all claims registered in the first, second and third classes:

"'1. All jury fees, all money received from the sale of estrays, and all occupation taxes.

"'2. All money received under any of the provisions of the road and bridge law, ---- and all fines and forfeitures.

"'3. All money received, not otherwise appropriated herein or by theCommissioners court.'

"Attorney General's Opinion, O-634 To S.T. Denny, County Auditor, Houston County, dated April 20, 1939, reads:

"'The trial fees provided for by Article 1074, C.C.P., must be collected and paid over in the same manner as in the case of a jury fee and such fees cannot be legally paid into several separate specially created funds for each individual justice of the peace. The justice of the peace is entitled to receive his trial fees provided by Article 6052, C.C.P., by draft upon the County Treasurer.'

"Based upon the above opinion, 'paid over in the same manner as in the case of a jury fee' it seems that the trial fees collected must be placed in the jury fund.

"Please advise me whether the trial fees may be placed in the General fund out of which the justices of the peace are paid?"

Our opinion No. O-634, which is referred to in your letter, does not pass upon the question presented in your inquiry. That opinion does not hold that the trial fees provided for by Article 1074, Code of Criminal Procedure, must be placed in the jury fund. In that opinion, we had under the consideration the following question:

"Can trial fees provided by Art. 1074, C.C.P., for justices of the peace be paid into the specially created funds mentioned, and how should the justices of the peace be paid under the facts set forth?"

We are enclosing a copy of the above mentioned opinion for your information.

Article 1074, Vernon's Code of Criminal Procedure, provides:

"In each case of conviction in a county court, or a county court at law, whether by a jury or by a court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the justice court the trial fee shall be the sum of Four Dollars."

Article 1052, Code of Criminal Procedure, provides in effect that the county judge, or the judge of the court at law, shall be paid Three Dollars by the county for each criminal action tried and finally disposed of before him, and such statute further provides that justices of the peace shall receive Two Dollars and fifty cents in all counties having a population in excess of 20,-000 inhabitants and Three Dollars in all counties having a population of 20,000 inhabitants or less, for each criminal action tried and finally disposed of before him, such fees to be paid by the county when such claims are filed in compliance with said article. This statute imposed an obligation upon the county to pay the fees provided therein for each criminal action tried and finally disposed of before such judge or justice of the peace, and the county

owes this fee to the judge or justice of the peace regardless whether the trial fee as provided by Article 1074, Code of Criminal Procedure, supra, is collected or not.

Article 1077, Code of Criminal Procedure, reads as follows:

"A jury fee shall be collected as other costs in a case, and the officer collecting it shall forthwith pay it to the County Treasurer of the county where the conviction was had."

Article 1073, Code of Criminal Procedure, provides:

"In each criminal action tried by a jury in the district or county courts, or county court at law, a jury fee of Five Dollars shall be taxed against the defendant if he is convicted."

Article 1075, Code of Criminal Procedure, provides:

"If the defendant is convicted in a criminal action tried by a jury in a justice court, a jury fee of three dollars shall be taxed against him."

None of the above mentioned articles which authorize the collection of the jury fee provide that the fee when collected shall be credited to the jury fund when paid to the County Treasurer by the collecting officer. It is Article 1628, supra, which commands the Treasurer to credit the jury fund with the fee when collected. Likewise, Article 1074, Code of Criminal Procedure, when construed with Article 1077, supra, does not direct the Treasurer to credit trial fees when received by him to any particular fund, but Article 1628, supra, does direct the Treasurer to credit the general fund with such fees when so received by him unless otherwise appropriated by the statute or by the Commissioners' Court. The statute has not "otherwise appropriated" trial fees. We do not know whether the Commissioners' Court of your county has done so. If not, the trial fees must be credited to the general fund of the county.

This opinion is limited to counties whose officers, both county and precinct, are compensated on a fee basis.

Our opinion No. O-3435 supports the conclusion reached herein, and we enclose a copy of this opinion for your information.

Hon. D. Richard Voges, page 4 (O-3975)

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED OCT 1, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

AW:GO:wb

ENCLOSURE